**MATTHEW RIGHETTI** (SBN #121012)
matt@righettilaw.com
**JOHN GLUGOSKI** (SBN #191551)
jglugoski@righettilaw.com
**RIGHETTI • GLUGOSKI, P.C.**
456 Montgomery Street, Suite 1400
San Francisco, CA 94104
Telephone: (415) 983-0900
Facsimile: (415) 397-9005

Attorneys for PLAINITIFFS

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

ORANGE COUNTY DIVISION

| | |
|---|---|
| MIKE RUTTI, JASON WHITE and ESHON MITCHELL et al.<br><br>Plaintiffs,<br>vs.<br>LOJACK CORPORATION, INC., and DOES 1-50, inclusive<br>Defendants, | Case No. SA CV06-0350-DOC (RNBx)<br><br>**FIRST AMENDED COMPLAINT FOR VIOLATION OF:**<br><br>1. **FAIR LABOR STANDARDS ACT**<br>2. **CALIFORNIA LABOR CODE**<br>3. **CALIFORNIA BUSINESS & PROFESSIONS CODE**<br><br>**CLASS ACTION**<br>**DEMAND FOR JURY TRIAL** |

Comes the representative Plaintiffs, Mike Rutti, Jason White and Eshon Mitchell and files this lawsuit against Defendant LOJACK CORPORATION for themselves and all other similarly situated, for legal relief to redress unlawful violations of Plaintiffs' rights under the Fair Labor Standards Act of 1938 ("FLSA" or "the Act"), 29 U.S.C. §§ 201, *et seq.*, and specifically the collective

action provision of the FLSA by LOJACK CORPORATION, ("LOJACK" which have deprived the named Plaintiffs, as well as others similarly situated to the named Plaintiffs, of their lawful wages. The suit is brought on behalf of the named Plaintiffs and all others similarly situated, pursuant to § 216(b) of the FLSA.

## JURISDICTION AND VENUE

1. Jurisdiction over Plaintiffs' federal claims is based upon: (a) Section 16(b) of the FLSA, 29 U.S.C. § 216(b), which authorized employees to bring civil actions in courts of appropriate jurisdiction to recover damages for an employers' failure to pay overtime wages as required by the FLSA; and (b) 29 U.S.C. §§ 1331 and 1337.

2. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b). At all times material herein, Defendant LOJACK CORPORATION has been actively conducting business in the State of California and within the geographic area encompassing the Central District of the State of California.

3. Jurisdiction over Plaintiffs' state law class action claims under the California Labor Code and the claim under §17200 of the California Business and Professions Code are based upon this Court's supplemental jurisdiction under 28 U.S.C. § 1367(a), because the state law claims are so related to Plaintiffs' federal claims that they form a part of the same case or controversy between Plaintiff and Defendant.

## INTRODUCTION

4. The Plaintiffs were employees for the Defendant, and bring this action as a collective action in accordance with 29 U.S.C. §216(b) of the FLSA against the Defendant on behalf of themselves and all others similarly situated because of Defendant's unlawful deprivation of Plaintiffs' rights to all wages owed. Plaintiffs seek a declaratory judgment under 28 U.S.C. § 2201 and compensation, damages, equitable and other relief available under the FLSA, as

amended 29 U.S.C. § 201 *et seq.* Plaintiffs also seek relief on a collective and class-wide basis challenging the unlawful business practice engaged in by Defendant of failing to compensate Plaintiffs and all others similarly situated for all wages owed and for denied meal and rest breaks as required under the California Labor Code.

5. Defendant is in the business of selling and installing wireless tracking and recovery systems in their customer's automobiles so that if the customer's vehicles are ever stolen, the system can be used to track and recover the customer's stolen vehicle. Defendant operates its business in 22 states, including the State of California.

6. The Senior Technicians and/or Technicians (hereinafter "Lojack Employees") work at LOJACK CORPORATION and are paid on an hourly basis. The Lojack Employees are expected to install wireless tracking and recovery systems in customer's automobiles. Lojack Employees are not compensated by Defendant for all hours worked.

7. The FLSA claim is brought under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), as a nation-wide "opt-in" collective action (hereinafter "the FLSA Action"). The FLSA Action is brought on behalf of all persons in the United States who have been, are and/or will be employed by Defendant as Senior Technician and/or Technician (hereinafter "the FLSA Employees"). The FLSA Actions seeks to (i) recover unpaid wages and overtime compensation owed to the FLSA Employees, (ii) obtain an equal amount in liquidated damages, as provided by Section 16(b) of the FLSA, and (iii) recover reasonable attorneys' fees and costs of the action, as provided for by Section 16(b) of the FLSA.

8. Plaintiff Rutti also asserts various claims under California law as a conventional "opt-out" class action under Rule 23 of the Federal Rules of Civil Procedure ("the California Sub-Class Action"). The California Sub-Class Action is brought on behalf of all persons who have been, are and/or will be employed by

Defendant in the position of Senior Technician and/or Technician in the State of California (hereinafter "the California Sub-Class"). The California Sub-Class Action has claims based upon the same unlawful business practice of not paying Lojack Employees wages and/or compensation for all hours worked and for denied meal periods and rest breaks as required under the applicable California Wage Orders. The California Sub-Class also has claims based upon the unlawful business practice of failing to indemnify the Lojack Employees for expenditures or losses in discharge of duties or obedience to directions to maintain the company vehicles, without compensation, in violation of California Labor Code Section 2802.

9. The California Sub-Class seeks to (i) recover daily and weekly unpaid compensation owed to the California Sub-Class, (ii) recovery of one hour of pay for each denied meal period and for each denied rest break for those Lojack Employees who were not properly provided meal periods as required under California law and/or authorized and permitted to take rest breaks as required under California law; (iii) recover waiting time penalties under Section 203 of the California Labor Code owed to those Lojack Employees whose employment with Defendant has terminated and who have not been properly paid all wages due to them upon termination of their employment, (iv) recover expenditures and losses as permitted under California Labor Code Section 2802, and (v) recover reasonable attorneys' fees and costs as provided for by Section 1194 of the California Labor Code.

10. Finally, the claim under Section 17200 of the California Business and Professions Code seeks injunctive relief enjoining Defendant from failing to make, keep and preserve the records required by the FLSA and California law. This claim also seeks to (i) obtain disgorgement and restitution of all ill-gotten gains from the unlawful conduct engaged in by Defendant, and (ii) recover reasonable

attorneys' fees and costs as provided for by Section 1021.5 of the California Code of Civil Procedure.

11. The FLSA Action is maintained as a collective action under 29 U.S.C. § 216(b) on behalf of all past, present and future employees of Defendant who have been, are and/or will be employed as Senior Technicians and/or Technicians in the United States. Plaintiffs are citizens of the United States, and Plaintiff Mike Rutti resides California, Plaintiff Eshon Mitchell resides in the state of Colorado and Plaintiff Jason White resides in the State of Washington respectively. At all times material herein, each of them has been employed by Defendant Lojack, in the position of Senior Technician and/or Technician. Plaintiffs are identified in the caption of the Complaint and have given their written consent to be party Plaintiffs in this action pursuant to 29 U.S.C. § 216(b).

12. The California Sub-Class is maintained on behalf of a class of past, present and future employees of Defendant who have been, are and/or will be employed as Senior Technicians and/or Technicians in the United States.

## THE PARTIES

13. The named Plaintiffs, Mike Rutti, Jason White and Eshon Mitchell are citizens of the United States. Mike Rutti resides in Diamond Bar. Jason white resides in Tacoma, Washington. Eshon Mitchell resides in Denver, Colorado. Plaintiff Rutti has standing to pursue the Third Claim for Relief under California Business and Professions Code Section 17200 on behalf of public interest. Plaintiffs are former employees of Defendant. During their employment with Defendant, LOJACK CORPORATION, like other Lojack Employees, Rutti regularly worked in excess of eight (8) hours in a workday and in excess of forty (40) hours in a workweek. Plaintiffs have not been paid all wages owed to them as required under the FLSA and California law. Plaintiff Rutti has not been provided meal periods nor rest periods during which Plaintiff Rutti was entirely relieved of their duties as required under California law. Plaintiffs are required to

maintain physical appearance and upkeep of the vehicles owned by LOJACK CORPORATION and which LOJACK CORPORATION requires them to use in performing their duties without compensation for their time in maintaining the vehicles nor the cost associated with said maintenance. Plaintiffs have been injured by the illegal practices and conduct alleged in this complaint. Plaintiffs' claims under the FLSA and/or California law are similar to and typical of the claims of the FLSA Employees and the members of the California Sub-Class.

14. On information and belief, Defendant LOJACK CORPORATION is a corporation incorporated in the State of Massachusetts with its worldwide headquarters located at 200 Lowder Brook Drive, Suite 1000, Westwood, MA 02090. LOJACK CORPORATION is qualified to and does do business in the State of California and nationwide.

15. LOJACK CORPORATION maintains either actual or constructive control, oversight, or direction over the operations, sales, installation of its tracking systems and employment practices.

16. LOJACK CORPORATION is subject to personal jurisdiction in the State of California for purposes of this lawsuit.

17. At all times material to this action, Defendant LOJACK CORPORATION has been an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203(s)(1) of the FLSA, and has had a gross volume of sales which has exceeded $500,000.

18. At all times material to this action Defendant LOJACK CORPORATION has been an "employer" of the named Plaintiffs, as defined by §203(d) of the FLSA.

## CLASS ACTION ALLEGATIONS

19. The California Sub-Class may be appropriately maintained as a class action under Rule 23 because all of the prerequisites set forth under Rule 23 are met.

20. Members of the California Sub-Class are so numerous that joinder of all such member is impracticable. Although exact size of the California Sub-Class is unknown, it is believed and alleged that the number of persons currently employed as Lojack Employees by Defendant in the State of California number more than 50, and over the past four years, it is believed and alleged that Defendant have employed more than 200 persons as Senior Technicians and/or Technicians in the State of California. The number of current and former California based employees of LOJACK CORPORATION are so numerous that joinder is impracticable if not impossible.

21. There are questions of law and fact common to the California Sub-Class with respect to the liability issues, relief issues and anticipated affirmative defenses. For example, predominate common questions of fact and law include Defendant's policy and practice of requiring its employees to work without compensation; the propriety of Defendant's record keeping policies and practices; and Defendant's policy and practice of requiring its employees to work without being provided a meal periods and/or being authorized and/or permitted to take rest breaks as required under California law. Calculation of the regular rate and premium rate of pay under California law also involves common questions of law and fact that predominate over questions effecting only individuals. (Fed.R.Civ.P. 23(b)(3).

22. The prosecution of separate actions by the California Sub-Class would create a risk of inconsistent or varying adjudications with respect to individual members of the California Sub-Class that would establish incompatible standards of conduct for parties opposing the class. (Fed.R.Civ.P. 23(b)(1)(A).)

23. Plaintiff Rutti will fairly and adequately protect the interests of the California Sub-Class because he and his counsel possess the requisite resources and abilities to prosecute this case as a class action.

24. The prosecution of separate actions by the California Sub-Class would create a risk of adjudications with respect to individual members of the class that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests. (Fed.R.Civ.P. 23(b)(1)(B).)

25. The questions of law and fact common to the California Sub-Class predominate over any questions affecting only individual class members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. (Fed.R.Civ.P. 23(b)(3).) More specifically,

    a. Members of the California Sub-Class have little or no interest in individually controlling the prosecution of separate actions. (Fed.R.Civ.P. 23(b)(3)(A).)

    b. Plaintiff is not aware of any other litigation concerning the controversy already commenced by the California Sub-Class. (Fed.R.Civ.P. 23(b)(3)(B).)

    c. It is desirable to concentrate the litigation of the claims in this Court because Defendant does a substantial amount of business in this district;

    d. This action is manageable as a class action because, compared to any other method such as individual interventions or the consolidation of individual actions, a class action is more fair and efficient. (Fed.R.Civ.P. 23 (b)(3)(D).)

26. Plaintiffs contemplate providing a notice or notices to the California Sub-Class, as approved by the Court, to be delivered through the United States mail. The notice or notices shall, among other things, advise the California Sub-

Class that they shall be entitled to "opt out" of the class certified for the California Action if they so request by a date specified within the notice, and that any judgment on the California Action, whether favorable or not, entered in this case will bind all class members except those who affirmatively exclude themselves by timely opting out.

27. Plaintiffs also contemplate providing a notice or notices to all of the FLSA Employees, as approved by the Court, to be delivered through the United States mail. The notice or notices shall, among other things, advise each of the FLSA Employees that they shall be entitled to "opt into" the FLSA Action if they so request by the date specified within the notice, and that any judgment on the FLSA Action, whether favorable or not, entered in this case will bind all FLSA call members who timely request inclusion in the class.

## FIRST CLAIM FOR RELIEF FOR VIOLATION
## OF THE FAIR LABOR STANDARDS ACTION OF 1938
### (On Behalf of the FLSA Employees As Against Defendant)

28. Plaintiffs re-assert and re-allege the allegations set forth in Paragraphs 1 through 27, above excepting those paragraphs that are inconsistent with this cause of action brought pursuant to the FLSA.

29. The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

30. Section 7(a)(1) of the FLSA, 29 U.S.C. § 207(a)(1), requires employers to pay non-exempt employees who work longer than forty (40) hours in a workweek one and one-half times the employee's regular rate of pay for the hours worked in the workweek in excess of forty (40) hours. Defendant is, and was, subject to this requirement to pay LOJACK CORPORATION Employees one and

one-half times the employees' regular rate of pay for all hours worked in a workweek in excess of forty (40) hours. Defendant violated the FLSA by paying LOJACK CORPORATION Employees an hourly rate, limited to only forty 940) hours in a workweek.

31. Defendant has deprived Plaintiffs and the other LOJACK CORPORATION Employees of overtime compensation by not paying the Lojack employees for all hours worked.

32. Defendant LOJACK CORPORATION'S violations of the FLSA as alleged herein have been done in a willful and bad faith manner such that the FLSA Employees are entitled to damages equal to the amount of overtime premium pay within the three years preceding the filing of this complaint, plus periods of equitable tolling. As a result of the aforesaid willful violations of the FLSA, overtime compensation has been unlawfully withheld by Defendant LOJACK CORPORATION from Plaintiffs and similarly situated persons for which the Defendant is liable pursuant to 29 U.S.C. § 216(b), together with an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees and costs.

33. The employment and work records for the Plaintiffs are in the exclusive possession, custody and control of Defendant LOJACK CORPORATION and Plaintiffs are unable to state at this time the exact amount owing to each of them. Defendant LOJACK CORPORATION is under a duty imposed by 29 U.S.C. § 211© and the regulations of the U.S. Department of Labor to maintain and preserve Plaintiffs payroll and other employment records from which the amounts of the Defendant's liability can be ascertained:

///

## SECOND CLAIM FOR RELIEF FOR VIOLATION
## OF CALIFORNIA LAW FOR FAILURE TO PAY OVERTIME
### (On Behalf of the California Sub-Class Only)

34. Plaintiffs reassert and re-allege the allegations set forth in Paragraphs 1 through 33, above excepting those paragraphs that are inconsistent with this cause of action brought pursuant to California law.

35. The LOJACK CORPORATION Employees employed by Defendant are subject to the terms and conditions of the California Wage Orders, found in the California Code of Regulations, at Title 8, Section 11000, et seq., as amended.

36. The persons employed by Defendant as LOJACK CORPORATION Employees in the State of California regularly, and as a matter of policy and practice, worked and do work in excess of fort (40) hours in a workweek, and in excess of eight (8) hours in a day. These persons are therefore entitled to payment of daily and weekly overtime pay under California Wage Orders. Defendant has failed to pay these persons the wages for hours worked and overtime pay to which they are entitled, thereby violating California law.

37. The LOJACK CORPORATION Employees employed by Defendant in the State of California regularly, and as a matter of practice, did not receive statutory meal periods and/or rest breaks as required by the California Wage Orders. The California Sub-Class was not provided meal periods and/or relieved of all duties during meal periods nor were they permitted nor authorized to take rest breaks as required under California law.

38. The LOJACK CORPORATION Employees employed by Defendant in the State of California regularly, and as a matter of practice, did not receive indemnification for expenditures and/or losses as required by the California Labor Code. Defendant has failed to pay the LOJACK CORPORATION Employees the reimbursement to which they are entitled for maintenance of the vehicles, thereby violating the California Labor Code.

39. The California Sub-Class is entitled to receive the unpaid overtime pay due them under California law. In addition, the California Sub-Class is entitled to recover interest on the amount of unpaid overtime pay due them and reasonable attorneys' fees and costs of suit, pursuant to Section 1194(a) of the California Labor Code. In addition, Section 203 of the California Labor Code provides for the payment of "waiting time penalties" if an employer does not properly pay all wages due an employee upon termination of the employee's employment. LOJACK CORPORATION Employees in the State of California whose employment with Defendant has terminated have not been properly paid the wages that are due them upon termination of their employment. Accordingly, these class members are entitled to recover "waiting time penalties" under Section 203 of the California Labor Code.

## THIRD CLAIM FOR RELIEF FOR VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200
### (On Behalf of the California Class Only)

40. Plaintiffs reassert and re-allege the allegations set forth in Paragraphs 1 through 39, above excepting those paragraphs which are inconsistent with this cause of action for violations of the California Business and Professions Code § 17200.

41. Section 17200 of the California Business and Professions Code prohibits any unlawful, unfair or fraudulent business act or practice.

42. Defendant has engaged in, and continues to engage in the following unlawful, unfair and fraudulent business practices in violation of Section 17200 of the California Business and Professions Code:

    a. The failure to pay LOJACK CORPORATION Employees all wages for hours worked including overtime pay, meal period and rest break compensation for denied meal and rest breaks and vehicle maintenance compensation and reimbursement due them under California law;

b. The failure to pay the LOJACK CORPORATION Employees employed in the State of California all wages for hours worked due them upon termination of their employment;

c. The failure to maintain accurate and complete payroll records as required by the FLSA, including as required by Section 1174(d) of the California Labor Code.

43. These challenged policies and practices have harmed the named Plaintiffs, the members of the California Sub-Class and the general public.

44. As a result of these unlawful policies and practices, Plaintiffs are entitled to an injunction issue against Defendant, pursuant to Section 17203 of the California Business and Professions Code, to prevent them from engaging in such future unlawful, unfair and fraudulent business practices. Plaintiffs also are entitled to an order requiring Defendant to disgorge the ill-gotten gains obtained by engaging in these unlawful business practices and to provide restitution to all persons who have suffered damages or injury as a result of these unlawful business practices, including but not limited to all LOJACK CORPORATION Employees employed in California during the applicable limitations period.

45. Plaintiff is entitled to an award of reasonable attorneys' fees pursuant to California Code of Civil Procedure § 1021.5.

## ARBITRATION CLAUSE

46. To the extent it is alleged that the LOJACK CORPORATION Employees entered into arbitration agreements, then such agreements would be void as procedurally and substantively unconscionable. In the context of this case such agreements are adhesive, involve relatively small claims and contain provisions that would curtail the important public policies surrounding both class action and wage and hour laws. The California's Supreme Court declared in *Pressler v. Donald L. Bren Co.* (1982) 32 Cal.3d 831: "Public policy has long favored the full and prompt payment of wages due an employee..... [W]ages are not ordinary debts.... [B]ecause of the economic position of the average worker and, in

particular, his dependence on wages for the necessities of life for himself and his family, it is essential to the public welfare that he receive his pay promptly." (Id., p. 837, internal quotation marks and citations omitted.) (Accord: *Gould v. Maryland Sound Industries, Inc.* (1995) 31 Cal.App.4th 1137, 1147-48 ["[T]he prompt payment of wages due an employee is a fundamental public policy of this state....[W]age and hours laws' concern not only the health and welfare of the workers themselves, but also the public health and general welfare.'"]; *Phillips v. Gemini Moving Specialists* (1998) 63 Cal. App.4th 563,574 [same].). Enforcement of one-sided agreements containing onerous provisions would violate the mandates of both *Armendariz v. Foundation Psychcare Services, Inc.* (2000) 24 Cal.4th 83, 114 and *Discovery Bank v. Superior Court* (2005) 36 Cal.4th 148, 160.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

1. Enter a declaratory judgment declaring that the Defendant has willfully and wrongfully violated its statutory and legal obligations and deprived Plantiffs and all other who are similarly situated of their rights, privileges, protections, compensation, benefits and entitlements under the law, as alleged herein;

2. Order a complete and accurate accounting of all the compensation to which the Plaintiffs and all others who are similarly situated are entitled;

3. For compensatory damages against Defendant to be paid to the FLSA Employees, including all wages and overtime pay owed to the FLSA Employees under the FLSA;

4. For liquidated damages against Defendant to be paid to the FLSA Employees under Section 16(b) of the FLSA;

5. For compensatory damages against Defendant to be paid to the California Sub-Class, including all wages and overtime pay, meal period and rest break pay and compensation for vehicle maintenance owed to the California Sub-Class under California law;

6. For "waiting time penalties," pursuant to Section 203 of the California Labor Code, against Defendant to be paid to members of the California Sub-Class whose employment has terminated with Defendant and who were not properly paid all wages due and owing to them at the time of such termination;

7. For attorneys' fees and costs as allowed by Section 16(b) of the FLSA, Section 1194 of the California Labor Code, and Section 1021.5 of the California Code of Civil Procedure;

8. For an order requiring Defendant to disgorge all ill-gotten gains from its unlawful conduct in the State of California; and

9. For injunctive relief including, but not limited to, an Order enjoining Defendant from continuing to engage in the State of California in the unlawful business practices of:

   a. The failure to pay LOJACK CORPORATION Employees all wages for hours worked including overtime pay, meal period and rest break compensation due them under California law;

   b. The failure to pay the LOJACK CORPORATION Employees employed in the State of California all wages for hurs worked due them upon termination of their employment;

   c. The failure to maintain accurate and complete payroll records for LOJACK CORPORATION Employees as required by California law, including as required under Section 1174(d) of the California Labor Code; and

///

10. Grant such other legal and equitable relief as may be just and proper.

DATED: November 17, 2010        RIGHETTI • GLUGOSKI, P.C.

                                /s/ John Glugoski
                                JOHN GLUGOSKI
                                Attorneys for Plaintiffs